UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY KELCE, | No. 2:01-cv-2350-JAM-EFB P |
| Plaintiff, | |
| v. | ORDER |
| S. CERVANTES, et al., | |
| Defendants. | |

Plaintiff is a former state prisoner proceeding with a pro se civil rights action pursuant to 42 U.S.C. § 1983. On August 18, 2010, the Court stayed this action for the purpose of allowing plaintiff to pursue his administrative remedies under the California Tort Claims Act. ECF No. 97. The Court directed plaintiff to inform the Court within twenty days of the resolution of his claims. Id.  Over five years have passed since the Court stayed this action and plaintiff has not notified the Court regarding the status of his claims or otherwise responded to the Court's order. Defendants now move to lift the stay and to dismiss this action for failure to prosecute. ECF No. 98. Plaintiff did not respond to defendants' motion, and mail sent from the Court to plaintiff was returned to the Court on December 9, 2015 as "undeliverable." It is apparent from the docket and the evidence submitted with defendants' motion that plaintiff has abandoned this case. Accordingly, the Court will lift the stay and dismiss the action.

/////

1

  A district court must "weigh five factors to determine whether to dismiss a case for lack of prosecution: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994); accord, Southwest Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000).

  Here, the first two factors support dismissal, as plaintiff has done nothing to pursue his administrative remedies since the Court imposed the stay, and has failed to respond to defendants' motion or taken any affirmative steps to prosecute this case. See ECF No. 98, Esquivel Decl. ¶¶ 4-5, Ex. A. This case has languished on the Court's docket for the last five years as a result of plaintiff's inactivity. His failure to act has delayed the progress of this litigation, likely causing prejudice to defendants, another factor which weighs in favor of dismissal. Moreover, the events underlying plaintiff's claims occurred over fourteen years ago, see ECF No. 1, and the memories of defendants and potential percipient witnesses necessarily fade over time. In addition, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal, especially given that it was plaintiff whose responsibility it was to move this case toward disposition on the merits, but whose conduct has impeded progress in that direction. See In re Phenylpropanolamine (PPA) Prods. Liab. Litig, 460 F.3d 1217, 1228 (9th Cir. 2006).

  Lastly, there are no less drastic alternatives to dismissal. The Court cannot warn plaintiff that his failure to comply with Court orders or the Local Rules could result in dismissal, as he has not kept the Court apprised of his current address, and monetary sanctions would be futile given plaintiff's indigent status. Plaintiff has violated the Court's Local Rules by failing to respond to the instant motion and to keep the Court apprised of his current address. See E.D. Cal. Local Rule 230(l) ("Opposition, if any, to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21), days after the date of service of the motion."); E.D. Cal. Local Rule 183(b) ("A party appearing in propria persona shall keep the Court . . . advised as to his or her current address."). This alone is grounds for dismissal. See E.D. Cal. Local Rule 110 (A party's failure to comply with any order or with the Local Rules "may be

grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal. Local Rule 183(b) (pro se party's failure to advise Court of current address is grounds for dismissal without prejudice for failure to prosecute).  Having considered the relevant factors, and in light of plaintiff's failure to prosecute this action for the last five years, the Court concludes that dismissal is appropriate.

Accordingly, IT IS HEREBY ORDERED that:

1. The stay in this case is lifted.
2. Defendants' motion to dismiss this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute (ECF No. 98) is granted.

DATED:  March 31, 2016

/s/ John A. Mendez_____
UNITED STATES DISTRICT COURT JUDGE